JMH:KM
F. #2023R00058

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

        - against -

MITCHELL BOSTIC,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**TO BE FILED UNDER SEAL**

A F F I D A V I T   A N D
C O M P L A I N T   I N   S U P P O R T
O F   A N   A P P L I C A T I O N   F O R
<u>A N   A R R E S T   W A R R A N T</u>

(18 U.S.C. § 1951(a))

Case No. 24-MJ-215

EASTERN DISTRICT OF NEW YORK, SS:

        Jennifer Cardillo, being duly sworn, deposes and states that she is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, duly appointed according to law and acting as such.

        On or about January 4, 2023, within the Eastern District of New York and elsewhere, the defendant MITCHELL BOSTIC did knowingly and intentionally attempt to obstruct, delay, and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency from a commercial establishment in Brooklyn, New York.

        (Title 18, United States Code, Section 1951(a))

        The source of your deponent's information and the grounds for her belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). As a Special Agent with ATF, I have been involved in the investigation of numerous cases involving violent crime and robberies. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file; and from reports of other law enforcement officers involved in the investigation.

2. On or about January 4, 2023, at approximately 8:35 p.m., a man, identified as the defendant MITCHELL BOSTIC as described below, attempted to rob a commercial establishment located on Van Sinderen Avenue in Brooklyn, New York, the identity of which is known to me (the "Store"). Based upon my participation in this investigation, I know that the Store, which sells various types of consumer products, many of which are not manufactured in New York State, engages in interstate commerce.

3. During the commission of the attempted robbery, the defendant MITCHELL BOSTIC—who wore a black puffer jacket over a black hooded sweatshirt with dark colored drawstrings, blue jeans, a blue surgical mask, and black, red and white sneakers—demanded money from the register while brandishing a firearm at a store clerk (the "Clerk"), whose identity is known to me. When the Clerk stepped away from the register, the defendant discharged the firearm, striking the Clerk in the upper left thigh. The defendant then fled the Store without removing any cash or merchandise. The deformed bullet was later recovered by law enforcement. Selected stills from the surveillance footage later obtained from the Store depicting the robbery are included below; BOSTIC's distinctive shoes are circled in red, the firearm is circled in yellow, and the black puffer jacket and black hooded sweatshirt are identified by a blue arrow.





4.      In connection with this investigation, law enforcement obtained records from T-Mobile, which revealed a phone number ending in the digits 9379 registered to the defendant MITCHELL BOSTIC ("the BOSTIC 9379 Number"). Records subsequently obtained from Apple, Inc. ("Apple") identified an iCloud account associated with the BOSTIC 9379 Number ("the BOSTIC iCloud Account"). In addition to the usage of the BOSTIC 9379 Number, there are multiple other indicia that the BOSTIC iCloud Account is associated with BOSTIC, including but not limited to the email address for the BOSTIC iCloud Account, i.e.,

mitchellbostic@icloud.com, and photographs consistent with BOSTIC's likeness identified in records obtained from Apple (pursuant to a search warrant) for the BOSTIC iCloud Account. Among other evidence, records from the BOSTIC iCloud Account contained the two photographs included below. In the first photograph dated November 28, 2020 (Figure 1), the defendant can be seen wearing what appear to be the same sneakers worn by the gunman—i.e., BOSTIC—during the attempted robbery on January 4, 2023. The same sneakers can also be seen in the second photograph dated November 25, 2020 (Figure 2). In both images, the distinctive sneakers are circled in red.

 

**Figure 1**             **Figure 2**

5. Following the robbery, law enforcement also recovered video surveillance from nearby cameras, which revealed that on January 4, 2023, the defendant MITCHELL BOSTIC arrived and departed the vicinity of the Store in a dark colored SUV, which has since been identified as a Chevrolet Equinox (the "Chevrolet") with a Kentucky license plate; the license plate

number is known to your affiant. Specifically, at approximately 7:35 p.m. on January 4, 2023, surveillance footage captured a dark colored SUV consistent with the appearance of the Chevrolet park in a lot approximately two blocks from the Store. Video surveillance captured an individual consistent with the appearance of the robber—i.e., BOSTIC—step out of the car at 8:26 p.m., approximately nine minutes before the attempted robbery, and flee into the Chevrolet at approximately 8:40 p.m. According to Kentucky Department of Motor Vehicle records, the Chevrolet is registered to an individual, whose identity is known to me and who the investigation has revealed is BOSTIC's former significant other (the "Significant Other"). As depicted below, a still photograph from surveillance footage obtained from a camera near the Store shows a dark colored SUV—consistent with the appearance of the Chevrolet—leaving the parking lot after the robbery.



6. In addition, on January 12, 2023, law enforcement agents saw and captured a photograph (Figure 3) of the Chevrolet parked in front of a building less than one mile from the Store. A photograph of the Chevrolet dated July 16, 2020 (Figure 4) was also found in the records

obtained from the BOSTIC iCloud Account.  Based upon my participation in this investigation, I know that the individual seated in the passenger seat of the Chevrolet in Figure 4 is the Significant Other (whose face has been blurred in the image below).[2]




**Figure 3**          **Figure 4**

7. Also on January 12, 2023, law enforcement officers performed a traffic stop of the defendant MITCHELL BOSTIC while he was driving the Chevrolet.  When asked for identification, the defendant provided a New York State driver's license bearing his name and likeness.  As seen below, photographs taken at the time of the traffic stop show BOSTIC wearing what appears to be the same black puffer jacket over a black hooded sweatshirt with dark colored drawstrings worn by the gunman on January 4, 2023.

---

[2] Based upon my participation in this investigation, including my review of the evidence and surveillance footage, I know that the Significant Other was not the gunman depicted in the surveillance footage of the January 4, 2023 robbery.

 

8.      Historical cell-site location data obtained from T-Mobile (pursuant to a search warrant) for the BOSTIC 9379 Number, shows that on January 4, 2023, prior to the attempted robbery, the BOSTIC 9379 Number twice pinged a cellular tower in the vicinity of the Store.  Specifically, at approximately 7:34 p.m., the BOSTIC 9379 Number accessed a cellular tower approximately four blocks from the Store.  It accessed another cellular tower within three blocks of the Store at approximately 8:24 p.m.—i.e., approximately ten minutes before the attempted robbery.  Cell-site records also reflect that shortly after the robbery, at approximately 8:51 p.m., the BOSTIC 9379 Number accessed a cellular tower approximately two miles from the Store.

9.      It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and arrest warrant, as disclosure would give the defendant MITCHELL BOSTIC an opportunity to change patterns of behavior, flee from or evade prosecution, or notify confederates, and would therefore have a significant and negative impact on the continuing investigation that may severely jeopardize its effectiveness, except that the undersigned will distribute copies of this charging

document and any resulting warrant to other law enforcement authorities as necessary to effectuate BOSTIC's arrest.

WHEREFORE, your deponent respectfully requests that arrest warrant be issued so that the defendant MITCHELL BOSTIC be dealt with according to law.

/s/ Jennifer Cardillo
Jennifer Cardillo
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me by reliable telephonic means this
11th day of March, 2024

*Taryn A. Merkl*
THE HONORABLE TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK